IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JOHN HARRISON, | ) |
| Plaintiff | ) ) ) ) |
| v. | ) CASE NO. |
| BENCHMARK ELECTRONICS, INC., | ) ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff complains of defendant Benchmark Electronics, Inc., stating as follows:

### Introduction

1. This action is brought by plaintiff against defendant pursuant to Title I of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101-12213, as amended.

### Jurisdiction

2. The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 1331 because it involves a federal question.

### Parties

3. Plaintiff John Harrison is an individual residing in the State of Alabama.

4. Defendant Benchmark Electronics, Inc. is a covered employer under the ADA.

5. Plaintiff was hired and began working for defendant on November 14, 2005, as a debug technician. He worked in this position until his termination on or about August 18, 2006.

### Count I - ADA

6. Plaintiff is a person with a disability because defendant perceived that plaintiff's epilepsy substantially limited plaintiff's ability to perform major life activities, including but not limited to the major life activity of working.

7. Defendant treated plaintiff's epilepsy as a disqualifying medical condition that precluded him from performing any job at its plant. By so perceiving plaintiff, defendant perceived plaintiff as precluded from one or more classes of jobs and a broad range of jobs in various classes.

8. Plaintiff is a qualified person with a disability in that without reasonable accommodation plaintiff could perform the essential functions of his debug technician job with defendant.

9. Plaintiff worked as a debug technician at defendant's Huntsville location through a temporary service and applied for a permanent position in June 2006.

10. In July 2006, defendant learned plaintiff had epilepsy after questioning

him following a preemployment drug test that showed the presence of the medication that controls plaintiff's seizures.

11. Defendant refused to hire plaintiff because of unjustified fears related to plaintiff's epilepsy, and, in August 2006, terminated plaintiff's employment because of these same fears, offering at different times different pretextual reasons for the termination decision.

12. Defendant violated the ADA by forcing plaintiff to answer prohibited medical questions prior to making an offer of employment to him, by refusing to hire him based on a perceived disability, and by terminating him based on a perceived disability.

13. Defendant acted with malice and/or with reckless disregard for plaintiff's statutory rights.

14. The conduct of defendant proximately caused injury and damage to plaintiff, including but not limited to the following:

   a. plaintiff was and will be caused to suffer severe emotional distress;

   b. plaintiff was and will be caused to lose wages and other benefits;

   c. plaintiff's reputation was damaged; and

   d. plaintiff's employment record was tarnished.

## Other Matters

15.     All conditions precedent to the filing of this suit have occurred.

16.     Plaintiff filed a charge of discrimination with the EEOC within 180 days of the discrimination and filed suit within 90 days of receipt of the notice of right to sue. Plaintiff's charge of discrimination and notice of right to sue are attached, respectively, as Exhibits 1 and 2 to this complaint.

## Relief Sought

17.     As relief, plaintiff seeks the following:

a.      Appropriate declaratory and injunctive relief, including an order that defendant reinstate him to the position he occupied on the date of his termination with all benefits of the position (or front pay in lieu thereof);

b.      That he be awarded back pay and benefits;

c.      That he be awarded such compensatory damages as a jury shall determine from the evidence he is entitled to recover;

d.      That he be awarded such punitive damages as a jury shall determine from the evidence he is entitled to recover;

f.      That he be awarded prejudgment and postjudgment interest at the highest rates allowed by law;

g.      That he be awarded the costs of this action, his reasonable attorney's fees, and his reasonable expert witness fees; and

h.      That he be awarded an amount to compensate him for any adverse tax consequences as a result of a judgment in his favor; and

4

i.   That he be awarded such other and further relief to which he is justly entitled.

**Dated: May 2, 2007.**

*[signature]*

Henry F. Sherrod III
Alabama Bar No. ASB-1200-D63H
HENRY F. SHERROD III, P.C.
119 South Court Street
P. O. Box 606
Florence, Alabama 35631-0606
Phone: 256-764-4141
Fax: 877-684-0802
Email: hsherrod@hiwaay.net

Attorney for Plaintiff

**Jury Demand**

Plaintiff requests a trial by jury.

*[signature]*

Henry F. Sherrod III

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To:  Agency(ies) Charge No(s):
[ ] FEPA
[X] EEOC   420-2006-04934
and EEOC

_State or local Agency, if any_

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. John Harrison | (256) 895-9671 | 01-23-1975 |

Street Address: 206 Rockledge Place, Apt.3, Huntsville, AL 35806

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| BENCHMARK ELECTRONICS | 15 - 100 | (256) 772-6000 |

Street Address: 4807 Bradford Drive, Huntsville, AL 35805

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 07-12-2006    Latest: 08-18-2006
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with the above-named employer through a temporary service on November 14, 2005. I was employed as a debug technician. After nine months of employment I was offered a permanent position. I took a drug test on July 12, 2006. The test came back positive. When my supervisor advised me of the test results, I informed him of the medication I was taking for my disability. I was instructed to call human resource and tell them why I was taking the medication, give them the prescription number, the pharmacy and the dosage. I continued working until August 18, 2006, after the employers audit, before the employer informed the agency that my services were no longer needed.

I believe I have been discriminated against because of my disability in violation of the American With Disability Act of 1990. The employer continues advertising for the position that I previously worked. It was only after the employer became aware of my disability that my services were no longer needed.

RECEIVED EEOC
SEP 29 2006

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

9-26-06  /s/ John Harrison
Date    Charging Party Signature

NOTARY — When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EEOC Form 161 (10/96)　　　U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION 

## DISMISSAL AND NOTICE OF RIGHTS

To: John Harrison  
206 Rockledge Place, Apt 3  
Huntsville, Alabama 35806

From: Birmingham District Office  
1130 22nd Street, South  
Birmingham, Alabama 35205

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420 2006 04934 | Glenda M. Matthews, Investigator | (205) 212-2138 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ] We cannot investigate your charge because it was not filed within the time limit required by law.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

_____    02/07/2007  
Delner Franklin-Thomas, District Director    *(Date Mailed)*

Enclosure(s)

cc: Jeffrey L. Roth  
Fees & Burgess, P.C.  
213 Green Street  
Huntsville, Alabama 35801